# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Malik W. Ahmad,

    Plaintiff

v.

Experian and The Vanguard Group, Inc.

    Defendants

Case No.: 2:17-cv-02421-JAD-VCF

**Order**

[ECF Nos. 16, 18]

    On the parties' stipulation, I stayed this case in October 2017 pending the resolution of a putative class action in the U.S. District Court for the Central District of California styled as *In Re Experian Data Breach Litigation*, No. 2:15-cv-01592.[1] Consistent with my stay order, the parties filed a joint status report in June 2019 informing the court that *In Re Experian Data Breach Litigation* "had proceeded to judgment pursuant to a settlement reached between the parties."[2] In that report, pro se plaintiff Malik W. Ahmad expressed his desire to engage in a settlement conference in this case while defendants Experian[3] and The Vanguard Group, Inc. contended that Ahmad is a member of the nationwide settlement class in *In Re Experian Data Breach Litigation* and anticipated dispositive-motion practice on that issue.[4]

    One month later, Ahmad filed a "Motion to Schedule Discovery or Alternately Settlement Conference Between the Parties."[5] In addition to the two entitled forms of relief,

---

[1] ECF Nos. 13 (stipulation to stay), 14 (order granting stipulation).

[2] ECF No. 15 at 2.

[3] Ahmed named "Experian" as a defendant. ECF No. 1-1 at ¶ 1. Experian Information Solutions, Inc. explained in its Notice of Removal that it was erroneously sued as just "Experian." ECF No. 1 at 1.

[4] ECF No. 15.

[5] ECF No. 16.

Ahmad also seeks in that motion a declaration that he is not a member of the *In Re Experian Data Breach Litigation* settlement class.[6] Experian responds that Ahmad's motion is unnecessary and violates this court's local rules, and that his request for declaratory relief is inappropriate because he does not seek that relief in his complaint.[7] Although Experian acknowledges that Ahmad's motion is not the proper context to consider the merits of Experian's defense that Ahmad's claims are barred, it proceeds to offer pages of argument and evidence on that topic.[8] It also asks me to take judicial notice of hundreds of pages of documents from the *In Re Experian Data Breach Litigation*,[9] which Ahmad opposes by arguing that the documents are "irrelevant, inadmissible[,] and highly prejudicial."[10]

      I construe Ahmad's motion as one seeking to lift the stay and I grant him that relief because it is undisputed that the *In Re Experian Data Breach Litigation* case has been resolved. I deny Ahmad's motion for a declaration that he isn't a member of the *In Re Experian Data Breach Litigation* settlement class because it is procedurally improper. I deny Ahmad's request to reopen discovery because he must first initiate the scheduling of a conference as required by this court's Local Rule 26-1 and Rule 26(f) of the Federal Rules of Civil Procedure. Because there has been no scheduling conference and no discovery plan is yet in place, I deny Ahmad's motion for a settlement conference as premature. Finally, I deny Experian's request for judicial notice without prejudice to its ability to reurge that request in the context of a proper dispositive motion.

---

[6] *Id.* at 2–6.
[7] ECF No. 17.
[8] *See generally id.*
[9] ECF No. 18.
[10] ECF No. 21 at 2.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Ahmad's Motion to Schedule Discovery or Alternately Settlement Conference Between Parties **[ECF No. 16]** is construed as a motion to lift the stay and **GRANTED in part** only as to that relief: **the stay is LIFTED** and **Ahmad has until April 30, 2020, to initiate the scheduling of a mandatory conference** with defendants' attorneys under L.R. 26-1 and FRCP 26(f). The parties must file a discovery plan and scheduling order as directed under L.R. 26-1(a), and this case will proceed in the ordinary course. Ahmad's motion is **DENIED** in all other respects.

IT IS FURTHER ORDERED that Experian's request for judicial notice **[ECF No. 18] is DENIED without prejudice** to Experian's ability to reurge that request in the context of a dispositive motion.

_____
U.S. District Judge Jennifer A. Dorsey
March 31, 2020